# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RANDOLPH S. HARRIS,     *

Petitioner,         *

v.             *    Civil Action No. GJH-20-2894

WARDEN QUAY, et al.      *

Respondents.       *

## MEMORANDUM OPINION

Self-represented Petitioner Randolph S. Harris has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2012 conviction for three counts of first-degree assault, use of a handgun in commission of a crime of violence, and other related offenses. ECF No. 1. Respondents have filed a limited Answer arguing that the Petition should be dismissed as untimely. ECF No. 9. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Harris was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. ECF No. 10. Harris has responded. ECF Nos. 11 and 12.[1] Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## I.  Background

After a two-day jury trial in the Circuit Court for Prince George's County that concluded on April 5, 2012, Harris was found guilty of three counts of first-degree assault, three counts of second-degree assault, use of a handgun in commission of a crime of violence, and carrying a

---

[1] Harris's "Motion for Leave to Supplement Response" (ECF No. 12) is granted.

handgun.  ECF No. 9-1, p. 10. He was sentenced on May 4, 2012, to an aggregate 40-year term of incarceration, to be served consecutive to his federal prison sentence. *Id*. Harris filed a timely appeal, but the appeal was dismissed by a line of dismissal filed by his counsel on March 21, 2013. ECF No. 9-1, pp. 10-11.

On October 7, 2013, Harris, pro se, instituted state postconviction proceedings. ECF No. 9-1, p. 11.  The petition was later supplemented by counsel. After a hearing, the court denied relief in an opinion and order docketed on September 24, 2018.[2] *Id*., p. 13.  Harris's timely application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on July 16, 2019. *Id*., pp. 12, 15, 18-19.  The court's mandate issued on August 16, 2019. *Id*., p. 17.

Harris filed this Petition on August 12, 2020.  ECF No. 1.  In the Petition, Harris raises the following claims:

1. Trial court error:
   a. Petitioner's right to a speedy trial was violated due to delays arising under the Interstate Agreement on Detainers. ECF No. 1, p. 5.
   b. Petitioner's due process rights were violated based on the speedy trial delay and inability to present witnesses and evidence due to the passage of time.  ECF No. 1, p. 10.
2. Ineffective assistance of counsel:
   a. Trial counsel was ineffective for failing to investigate or locate witnesses. ECF No. 1, p. 7.
   b. Trial counsel was ineffective for failing to raise the speedy trial claim.
3. Actual innocence. ECF No. 1, p. 12.

---

[2] Harris filed an untimely motion for modification of sentence on December 7, 2018, which was denied on August 16, 2019. ECF No. 9-1, pp. 16-17.

II.     **Discussion**

A.  **Timeliness**

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a) (2012).  However, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l).  This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending.  *See id.* at § 2244(d)(2).

Respondents assert that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d).  ECF No. 9. Respondents correctly note that Harris's conviction became final on March 21, 2013, when his direct appeal was dismissed.  As such, Harris's time for filing a federal petition expired on March 21, 2014.  *See* 28 U.S.C. § 2244(d)(1)(A).  Between the finality of Harris's conviction and the

filing of his post-conviction petition on October 7, 2013, 200 days elapsed. The filing of the state post-conviction petition statutorily tolled the federal limitations period until the state post-conviction proceedings concluded on August 16, 2019.  *See* 28 U.S.C. 2244(d)(2)(one-year filing deadline is statutorily tolled while any properly filed state post-conviction or other collateral review proceeding is pending). Harris did not file this federal petition until August 12, 2020, 362 days after his state proceedings ended. In all, 562 days elapsed where Harris did not have any proceedings pending which would toll the federal limitations period and his petition is time-barred.

### B. Equitable Tolling

The Court notes that under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling.  *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000).  The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time.  *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*).  Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

4

Harris argues that because of the COVID-19 pandemic, in March of 2020 all movement at the institution where he is incarcerated stopped, prohibiting him from accessing the legal library. ECF No. 11, p. 2; ECF No. 11-1. Harris states that "[b]ecause the Petitioner is and was confined to his cell and the Law Library closed it was impossible to obtain the necessary legal material, forms, perform legal research, or other necessary information required to file a substantive petition." ECF No. 11, p. 2. Were the Court to find Harris entitled to equitable tolling on this basis, the limitations period was tolled from March 13, 2020, the date on which the facility shut down access to the law library due to the pandemic, through August 12, 2020, the date Harris filed his petition. Harris's time for filing the petition, however, had expired before pandemic precautions prevented his access to the legal library. As noted above, 200 days elapsed between the conclusion of his direct appeal and the filing of state post-conviction proceedings. Those post-conviction proceedings concluded on August 16, 2019, and the institution stopped all institutional movement 210 days later on March 13, 2020. Even under this generous reading, Harris's petition is time-barred because 410 days had passed where there were no proceedings or other circumstances to toll the limitations period.

### C. Actual Innocence

The "miscarriage of justice" exception to AEDPA's statute of limitations allows that where a petitioner proffers newly discovered evidence that demonstrates it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence" the habeas petition may proceed even though it would otherwise be statutorily time-barred. *McQuiggin v. Perkins,* 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also United States v. Jones*, 758 F.3d 579, 581 (4th Cir. 2014). "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal

constitutional errors do not result in the incarceration of innocent persons." *Perkins*, 569 U.S. at 392.  The *Perkins* decision did not create a new right to habeas review, nor did it change existing law.  Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review.

The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (brackets omitted) (quoting *Schlup v. Delo,* 513 U.S. at 329; *House v. Bell*, 547 U.S. 518, 538 (2006); *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence ... should not be granted casually.") (internal citations omitted).

"[A]ctual innocence for the purposes of *Schlup* is a procedural mechanism rather than a substantive claim." *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012).  In order to present a credible claim of actual innocence Harris must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial."  *Schlup* 513 U.S at 324.  Whether a petitioner has satisfied the miscarriage of justice exception requires the reviewing court to consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.  *House*, 547 U.S. at 538 (internal quotation marks omitted).  The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson*, 155 F.3d at 404-05.  "'To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial."  *Schlup* 513 U.S. at 324.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to

establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.,* 513 U.S. at 315–17.

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324.   The Supreme Court has repeatedly emphasized that the gateway actual innocence "standard is demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538 (citation omitted); *see, e.g., Perkins*, 569 U.S. at  401 ("We stress once again that the [actual innocence] standard is demanding."); *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . presented ... as gateways to excuse a procedural default . . . should not be granted casually."). Indeed, "claims of actual innocence are rarely satisfied." *Schlup*, 513 U.S. at 324. Only if Harris passes through the *Schlup* gateway by satisfying this standard, can I then consider and reach the merits of Harris's claims. *Teleguz*, 689 F.3d at 329 (internal citations omitted).

Here, Harris states:

The elements required to establish first degree assault, wearing/carrying a gun, possession of a firearm during a crime of violence would not have been present or able to have been met had the petitioner been able to present the evidence (surveillance video footage) and witnesses (store employees who sold the toy gun to petitioner). No reasonable juror would have found the Petitioner guilty of any of the aforementioned charges beyond a reasonable doubt. Petitioner is Actually Innocent of these charges.

ECF No. 1, p. 12.

In context of the remainder of his petition, Harris appears to be arguing that the delay in trial prevented him from obtaining surveillance video and witness testimony, not that such items exist and prove his actual innocence. See ECF No. 1, p. 8. Thus, principally, Harris's claim is one of legal rather than factual innocence. Such claims are unavailing. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also United States v. Mikalajunas*, 186 F. 3d 490, 494 (4th Cir. 1999)

7

(holding "to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent.").

Further, Harris offers no new evidence in support of his actual innocence claim. Courts have found that the actual innocence gateway standard was met when "the petitioner has made a credible and compelling showing of his actual innocence," *Rivas v. Fischer*, 687 F.3d 514, 552 (2d Cir. 2012), such as where Petitioner provides: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," **as well as** "substantial evidence pointing to a different suspect," *House*, 547 U.S. at 540-41 (2006)(emphasis added); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" **and** affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331 (emphasis added); (3) a third party's consistent and repeated statement that they committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense **and** separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense **and** five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004). *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that examples of sufficient new reliable evidence for a gateway claim including "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

Harris has failed to make the requisite showing under *Perkins* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar.

## III.    Certificate of Appealability

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because Harris fails to satisfy this standard, the Court declines to issue a Certificate of Appealability.  Harris may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV.    Conclusion

For the foregoing reasons, the Petition is DISMISSED as time-barred.  The Court declines to issue a Certificate of Appealability.  A separate Order shall issue.

___5/25/2021_____                    /s/_____
Date                                            GEORGE J. HAZEL
                                                UNITED STATES DISTRICT JUDGE